Christian J.
delivered the opinion of the court.
This ease is before us upon a writ of error to a judgment of the Circuit court of Amherst. It is an action of debt, brought by the defendant in error against the plaintiff in error, on two promissory notes in the following form:
*605 First note $1,647,27. New York, Nov. 1st, 1870.
On or before the 1st day of November 1872 I promise to pay to S. Otis Livingston or order sixteen hundred and forty-seven dollars and twenty-seven cents, for value received, with interest at the rate of seven per cent, per annum, having deposited with him as collateral security, with authority to sell the same at the brokers’ board, or at public or private sale, at his option, on the non-performance of this promise, and with ten days’ notice, seventy (70) shares of the capital stock of the Livingston Manufacturing Company.
Certificate No. 84. (Signed,) Vm. M. Evans.
Second note $1,352.73. New York, Nov. 1st, 1870.
On or before the 1st day of November 1872 I promise to pay to William H. Daly or order thirteen hundred and fifty-two dollars and seventy-three cents for value received, with interest at the rate of seven per cent, per annum, having deposited with him as collateral security with authority to sell the same at the brokers’ board, or at public or private sale at his option, on the non-performance of this promise, and with ten days’ notice, sixty shares of the capital stock of the Livingston Manufacturing Company.
Certificate No. 78. (Signed,) Wm. M. Evans.
Both of these notes, by endorsement made thereon, were assigned without recourse, by the payees respectively, to the defendant in error.
On these notes suit was brought'to the September term 1873 of the Circuit court of Amherst. At that term the plaintiff in error appeared by his counsel and pleaded payment, nil debet, and by leave of the court filed three special pleas in writing. Upon all these *606 pleas the plaintiff (defendant in error) replied generally; and the case was continued until the next term.
The first of these special pleas avers that the dep0site of the shares of the capital stock of Livingston Manufacturing Company, in the notes mentioned, were made with the payees of said notes, with the understanding and agreement, made at the time of the execution of said notes, that they were to be sold by the payees, and the proceeds applied to the payment of said notes before action brought thereon for the balance thereon, if any balance remained; and that said stock was worth in market, before the bringing of this suit, the full amount of these notes, to wit, the sum of $3,000.
The two other pleas, in different forms, in substance were, that after maturity of the notes, and before commencement of this suit, the payee thereof sold the stock mentioned in said notes for a sum sufficient to pay and satisfy the same.
Issue was taken upon these pleas, as well as upon the pleas of payment and nil debit. The defendant (plaintiff in error) also filed at the September term, with his pleas, an account of offsets, in which he estimates the value of the stock deposited with payee at $50 per share, amounting in the aggregate to $6,500.
At the March term of said Circuit court the defendant (plaintiff in error) offered another special plea in the following words:
And the said defendant, for a further plea in this behalf, saith: That after maturity of said notes, to-wit, on the 15th January 1873, and before the assignment thereof to the plaintiff, by an agreement then made by the parties, the value of the said col-laterals (stock) was estimated between them at $23 per share, or the full amount of said notes; and that when *607 exposed to sale, that the same was to be bidden in by or for the said persons, Daly & Livingston, unless the said collaterals sold for an amount equal or greater than the amount of the notes held by the said payees; and if the said collaterals were bidden in by said payees, that the same were to be sold to the said plaintiff or the Livingston and Cherry-tree Manufacturing Company for a sum equal to the amount of said notes. And the said defendant further avers, that the said collaterals were sold before the commencement of this suit, and the said payees failed to carry out their agreement aforesaid in reference to said sale; and that he is entitled to a credit and offset to the full amount of said notes: and this he is ready to verify.”
This plea was rejected by the court. The defendant then moved a. continuance of the case till the next term. This motion was overruled; and a jury being waived by the parties, the case was heard by the court. A judgment was entered for three thousand dollars, with seven per cent, interest from 1st November 1872 till paid, subject to a credit of $228.64, that being the amount for which the collaterals were sold at the brokers’ board in New York.
Lrom this j udgment a writ of error was awarded by one of the judges of this court.
In the petition for a writ of error three grounds of error are assigned:
1. That the court erred in rejecting the defendant’s special plea number four, copied above.
2. That the court erred in refusing to grant the defendant a continuance. And
8. That the court erred in giving judgment for the plaintiff on the plea of nil debit and the three special pleas in the case.
The court is of opinion, that the Circuit court did *608 not err in rejecting said plea. The plea itself, and the time at which it was offered, were well calculated to raise a suspicion in the mind of the court that it was tendered merely for delay, and that in truth no such defence as was therein set up could be sustained. At a former term of the court the defendant had relied upon the defence (in addition to the pleas of payment and nil debit): first, that the shares of stock deposited as collateral were worth $3,000 in the market; and, second, that the plaintiff had actually sold said col-laterals for the sum of $3,000.
The plea avers that on the 15th of January 1873, by an agreement between the parties made on that day, the value of said collaterals was estimated at $23 per share; and that they should be bidden in by Daly & Livingston at that price, unless they sold for an amount equal or greater than the amount of the notes held by the payees.
blow it is impossible to conceive, that if on the 15th January 1873, there had, in fact, been any such contract as that set out in the plea Ho. 4, it would not have been pleaded at the September term 1873. It is most natural to suppose, that a defence so vital to the interests of the defendant, that a contract so important, should have been at once relied upon as soon as the controversy came. Why was this plea setting up so important a contract not filed at the first term of the court when the ease was called, and when jive pleas were put in by the defendant. If such a contract as the plea sets forth was really made on the 15th January 1873, how is it to be explained that on the 21st September 1873 no such defence was offered or pretended could be made? Could the defendant, when called upon to answer the action, have forgotten this most important and vital defence ? Is it possible that a con *609 tract of such importance could have been ignored or forgotten then. If it had any existence, it would have been the very first defence offered to the action. The fact that the plea was not offered at the September term, when so many defences were put in, was well calculated to impress the Circuit court with the suspicion that the plea was offered merely for delay. The plea upon its face made it liable to such suspicion; for it avers, that if the stock was not bid in at $23, it was then to be sold to the plaintiff, or to the Livingston and Cherry-tree Manufacturing Company, for a sum equal to the amount of said notes; thus bringing into the alleged agreement, as set out in the plea, outside parties who had nothing to do with the original contract, which by its terms declared that if the notes were not paid at maturity the collaterals should be old at the brokers’ board, at New York. The court was well warranted, under the circumstances, in rejecting this plea, inasmuch as the plea itself, and the time of offering it, was well calculated to raise the suspicion that it was not offered as a valid defence, but merely for delay.
The subsequent developments in the trial fully confirm this view, and show that no injustice was done by rejecting this plea, for it is conclusively shown from defendant’s own letter, that no such defence as that set up in plea Ho. 4 could have been sustained. The pretence is that the agreement set out in the rejected plea was made on the 15th January 1873; and yet in a letter to the plaintiff, who, as asserted in the plea, was a party to the agreement, dated February 17th, 1873, he makes no allusion to any such agreement; but on the contrary, says: “I did not succeed in making any arrangements with old Daly to save the stock, but agreed with them that I would release all my interest, *610 if the Livingston Company or yourself wanted the stock, for the amount due them. I have not yet heard what had been done. * * * Western and other losses to large amounts make it impossible to save the stock.” This letter is utterly inconsistent with his plea. According to his plea, there was an arrangement on the 15th January 1878, that the stock should be estimated at twenty-three dollars—a sum sufficient to pay his notes. If this was true, why should he say in his letter of the 11th February, that he did not succeed in making any arrangement to save the stock; and that he had not yet heard what was done. Why say that Western and other losses to large amounts made it impossible for him to save the stock, if it was true, as alleged in his plea, that by special agreement, stock sold on the New York market at two dollars per share was to be taken at twenty-three dollars per share ? Especially if as alleged in his plea, the stock was to be taken by Pettyjohn at twenty-three dollars if no higher bid was made, according to the agreement of 15th January 1873? Why is no allusion made to this agreement in his letter to Petty-john on the 17th February 1873. The whole record shows that the Circuit court was right in rejecting the plea. The Circuit court was well warranted in looking with suspicion upon the plea as one offered merely for delay, and the evidence introduced under the other pleas fully justifies that conclusion.
Upon the second ground of error, that the court erred in refusing a continuance, the court is of opinion, that upon the facts stated in the bill of exceptions, the defendant was guilty of such laches and want of diligence as not to entitle him to a further continuance of the case.
Upon the third error assigned, that the court ought *611 to have entered a judgment for defendant upon the plea of nil debit, this court is of opinion, that there was no error in the judgment of the Circuit court. The contract of the parties in writing was that if the notes were not paid at maturity, the collaterals (the stock) deposited should he sold at the brokers’ board at New York, after ten days’ notice. They were so sold, and the Circuit court in its judgment gives credit for the net proceeds of that sale. There is nothing in the record to show that they did not bring their full market value; nor is there anything in the record to show that at the time the contract was entered into there was any further or different agreement than that expressed by the written contract, or that the terms of that contract were afterwards varied by' subsequent •agreement.
The court is of opinión that there is no error in the .judgment of the said Circuit court, and that the same must be affirmed.
Judgment affirmed.